_____

No. 95-3527
_____

Burlington Industries, Inc.    *
                          *        Appeal from the United States
     Appellee,             *    District Court for the Eastern
                          *      District of Arkansas.
         v.                *
                          *
Maples Industries, Inc.         *
                       *
     Appellant.            *
_____

Submitted: June 12, 1996

Filed: October 9, 1996
_____

Before WOLLMAN, Circuit Judge, MORRIS SHEPPARD ARNOLD, Circuit Judge, and ROSENBAUM,[*] District Judge.

ROSENBAUM, District Judge.

     Burlington Industries, Inc. ("Burlington"), and Maples Industries, Inc. ("Maples"), compete in the manufacture of carpets and rugs. Burlington brought this diversity action, claiming Maples misappropriated a valuable yarn space-dye trade secret, when it purchased machines incorporating the trade secret from a third-party.

     On May 26, 1995, the district court denied Maples' motion to dismiss the action for lack of personal jurisdiction. The district court, thereafter, granted partial summary judgment in favor of Burlington, and entered a preliminary injunction prohibiting the use of the space-dye machines.

_____

[*]The HONORABLE JAMES M. ROSENBAUM, United States District Judge for the District of Minnesota, sitting by designation.

Maples appeals the denial of its motion to dismiss and the grant of partial summary judgment. The entry of a preliminary injunction is an appealable order, conferring jurisdiction on this Court, see 28 U.S.C. § 1292(a)(1), and the personal jurisdiction determination may be reviewed at this time. See Land-O-Nod Co. v. Bassett Furniture Indus., Inc., 708 F.2d 1338, 1340 (8th Cir. 1983). On review, we reverse the district court's finding of personal jurisdiction, and in the absence thereof, we vacate the district court's subsequent order.

I.

Burlington is a Delaware corporation with its principal place of business in North Carolina. Maples is an Alabama corporation with its principal place of business in Alabama. The companies sell their products to national retailers.

In the fall of 1992, Maples hired a third-party, Bobby Vinson and Associates, Inc. ("BVA"), to service machinery at its Scottsboro, Alabama, manufacturing facility. BVA is an Arkansas corporation with its principal place of business in Arkansas. Three of Burlington's former employees, who are claimed to have had access to confidential Burlington information, were later employed by BVA.

Maples purchased two space-dye machines from BVA in October, 1992, and two others in April, 1993. Burlington contends these four machines incorporate its manufacturing trade secret, allowing economical dyeing of yarn strands in multiple colors at different intervals. The contracts for the sale of these machines were negotiated and executed in Alabama. BVA assembled the machines in Arkansas and shipped them to Maples in Alabama. At no time did a Maples' representative visit BVA's Arkansas facility to negotiate the sales.

Burlington has previously defended its trade secrets in two other federal actions. See Burlington Indus., Inc. v. Bobby Vinson & Assoc., Inc., No. LR-C-93-604 (E.D. Ark. 1993); Burlington Indus., Inc. v. Palmetto Spinning Corp., No. CA-95-1467-6-3 (D.S.C. 1995), aff'd, 76 F.3d 371 (4th Cir. 1996) (tbl.).

## II.

We review questions of personal jurisdiction de novo. Barone v. Rich Bros. Interstate Display Fireworks Co., 25 F.3d 610, 612 (8th Cir.), cert. denied sub nom. Hosoya Fireworks Co. v. Barone, 115 S. Ct. 359 (1994). When personal jurisdiction is challenged, the plaintiff has the burden to show jurisdiction exists. Gould v. P.T. Krakatau Steel, 957 F.2d 573, 575 (8th Cir.), cert. denied, 506 U.S. 908 (1992).

In a diversity action, a federal court may assume jurisdiction over nonresident defendants only to the extent permitted by the long-arm statute of the forum state, and by the due process clause of the Fourteenth Amendment. Bell Paper Box, Inc. v. U.S. Kids, Inc., 22 F.3d 816, 818 (8th Cir. 1994). We have previously recognized that the Arkansas long-arm statute authorizes jurisdiction over foreign corporations to the fullest extent allowed by constitutional due process. Mountaire Feeds, Inc. v. Agro Impex, S.A., 677 F.2d 651, 653 (8th Cir. 1982). Therefore, our inquiry devolves into the single question whether the exercise of personal jurisdiction comports with due process.

Due process requires "minimum contacts" between the non-resident defendant and the forum state such that "maintenance of the suit does not offend traditional notions of fair play and substantial justice." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291 (1980); International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). The defendant's conduct and connection with the forum state must be such that defendant should "reasonably

3

anticipate being haled into court there." <u>World-Wide Volkswagen</u>, 444 U.S. at 297.

We have established a five-factor test -- the first three factors being of primary importance -- to determine the sufficiency of defendant's contacts. We must determine: (1) the nature and quality of contacts with the forum state; (2) the quantity of such contacts; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) convenience of the parties. <u>Land-O-Nod</u>, 708 F.2d at 1340. We have further elaborated on the third factor -- the relationship of the cause of action to the contacts -- to distinguish between specific and general jurisdiction. <u>Bell Paper Box</u>, 22 F.3d at 819 (citing <u>Helicopteros Nacionales de Colombia, S.A. v. Hall</u>, 466 U.S. 408, 414 nn.8-9 (1984)).

> Specific jurisdiction refers to jurisdiction over causes of action arising from or related to a defendant's actions within the forum state while general jurisdiction refers to the power of a state to adjudicate any cause of action involving a particular defendant, regardless of where the cause of action arose.

<u>Id.</u> (internal alterations omitted).

General jurisdiction refers to the power of a state to adjudicate any cause of action and does not depend on the relationship between the cause of action and the contacts. <u>Wessels, Arnold & Henderson v. National Medical Waste, Inc.</u>, 65 F.3d 1427, 1432 n.4 (8th Cir. 1995). Where specific personal jurisdiction over a non-resident is asserted, due process is satisfied if the defendant has purposely directed its activities at forum residents, and the litigation results from injuries arising out of, or relating to, those activities. <u>Id.</u>

4

A. <u>Factors 1, 2, and 3</u>

Maples has few Arkansas contacts. It has no no place of business in Arkansas, and is not registered as a foreign corporation to do business in the state. It has no offices, inventory, bank accounts, real estate, personal property, employees, or agents in Arkansas. While the space-dye machines, of which Burlington complains, were built and shipped from Arkansas, no Maples employee was sent to BVA's Arkansas headquarters to negotiate their purchase or supervise their manufacture.

Maples has had insufficient contacts to support a finding of general jurisdiction. Maples's products were sold to Arkansas retailers, including Wal-Mart, and Maples' officers have traveled to Arkansas to obtain the Wal-Mart account. Maples' space-dye machines were used to dye yarn incorporated into products sold, either retail sales or by catalogue, in Arkansas. Such facts, however, simply mean that Maples functions as a manufacturer/merchant which sells goods through non-parties in the state of Arkansas. Simple commercial contacts, unrelated to Burlington's trade secret claims are insufficient to establish personal jurisdiction.

Telephone calls -- numbering at least 100 -- between Maples and BVA can be evidence of a continuous and systematic business relationship. But while phone contacts remain a consideration, they are insufficient, alone, to confer personal jurisdiction. <u>Wessels, Arnold & Henderson</u>, 65 F.3d at 1433; <u>Mountaire Feeds</u>, 677 F.2d at 656. We find that Maples has insufficient contacts to support a finding of specific personal jurisdiction.

B. <u>Factors 4 and 5</u>

The secondary <u>Land-O-Nod</u> factors do not support a finding of personal jurisdiction. Maples has not purposefully availed itself

of the protections of Arkansas law by the commercial sale of its goods or by purchasing four machines manufactured in that state.

Similarly, the convenience of the parties factor is neutral. Arkansas is convenient for Burlington; less so for Maples. We note that Burlington has previously commenced an action in South Carolina on a similar claim of trade secret protection. This fact suggests that Burlington will not be inconvenienced by suit beyond its corporate home. An Arkansas forum is not required to resolve this dispute between two sophisticated national commercial enterprises.

## III.

Maples has insufficient contacts with Arkansas to confer personal jurisdiction. Its limited commercial activities in Arkansas are insufficient to confer general jurisdiction in Arkansas. Its beyond-Arkansas-borders machine purchases from an Arkansas vendor are insufficient to provide specific jurisdiction on these facts.

Accordingly, we reverse the district court's finding of personal jurisdiction over Maples. This matter is remanded to the district court for dismissal, based upon lack of personal jurisdiction.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

8