# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2001

_____

First National Bank of Lewisville,       *
Arkansas,      *
     *
    Plaintiff - Appellant,      *
     *    Appeal from the United States
    v.      *    District Court for the
     *    Western District of Arkansas.
First National Bank of Clinton,      *
Kentucky,      *
     *
    Defendant - Appellee.      *

_____

Submitted:  February 16, 2001

Filed:  July 20, 2001

_____

Before BOWMAN, HEANEY, and LOKEN, Circuit Judges.

_____

LOKEN, Circuit Judge.

The issue in this diversity action is whether a federal court in Arkansas has personal jurisdiction over a Kentucky bank whose only contact with Arkansas was to issue a cashier's check payable to an Arkansas bank and then, it is alleged, wrongfully dishonor the check.  The district court[1] dismissed the action for lack of personal

_____

[1]The HONORABLE HARRY F. BARNES, United States District Judge for the Western District of Arkansas.

jurisdiction, concluding that this contact was insufficient to permit the exercise of personal jurisdiction consistent with the Due Process Clause. We affirm.

Kentucky residents Joseph and Amy Reddick contracted with D & D Builders, Inc. ("D & D"), an Arkansas contractor, to construct an improvement on the Reddicks' property in Kentucky. The Reddicks' bank, First National Bank of Clinton, Kentucky ("FNB Clinton"), disbursed $126,000 of construction loan proceeds by issuing its cashier's check payable jointly to D & D and its bank, First National Bank of Lewisville, Arkansas ("FNB Lewisville"). FNB Clinton delivered the check to the Reddicks in Kentucky, and they delivered it to D & D as partial payment for work performed in Kentucky. D & D endorsed the check and delivered it to FNB Lewisville in Arkansas.

FNB Lewisville presented the check for payment by placing it into the Federal Reserve System for collection. FNB Clinton refused to honor the check, claiming an improper endorsement. After representatives of the two banks discussed the endorsement issue by telephone, FNB Lewisville endorsed the check as requested and again presented it for payment. At the request of the Reddicks, who alleged fraud by D & D, FNB Clinton again dishonored its cashier's check. FNB Lewisville commenced this diversity action in the Western District of Arkansas, alleging wrongful dishonor. The district court granted FNB Clinton's motion to dismiss for lack of personal jurisdiction. See FED. R. CIV. PROC. 12(b)(2). We review that ruling *de novo*. Moog World Trade Corp. v. Bancomer, S.A., 90 F.3d 1382, 1384 (8th Cir. 1996).

FNB Lewisville has the burden of establishing the district court's in personam jurisdiction under Arkansas law and the Due Process Clause of the Fourteenth Amendment. Because the Arkansas long-arm statute extends jurisdiction over nonresidents to the maximum extent permitted by the Due Process Clause, see ARK. STAT. ANN. § 16-4-101, our inquiry hinges on whether the exercise of personal jurisdiction over FNB Clinton would comport with due process. See Gould v. P.T. Krakatau Steel, 957 F.2d 573, 575 (8th Cir. 1992). Due process requires sufficient

"minimum contacts" between the defendant and the forum State so that "maintenance of the suit does not offend traditional notions of fair play and substantial justice." World-Wide Volkswagen Corp. v. Woodsen, 444 U.S. 286, 291-92 (1980). "[I]t is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Hanson v. Denckla, 357 U.S. 235, 253 (1958). Defendant's contacts must be more than "random, fortuitous, or attenuated." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985).

In this case, FNB Clinton maintains no office or other place of business in Arkansas, is not registered to do business in Arkansas, does not solicit customers or accounts from residents of Arkansas, and has neither bank accounts nor property in Arkansas. FNB Clinton's only contacts with Arkansas relating to this action were issuing a cashier's check jointly payable to two Arkansas residents and telephone communication with FNB Lewisville regarding proper endorsement of the check. The telephone calls add nothing to the quality of these contacts. See, e.g., Burlington Indus., Inc. v. Maples Indus., Inc., 97 F.3d 1100, 1103 (8th Cir. 1996); Scullin Steel Co. v. National Ry. Utilization Corp., 676 F.2d 309, 314 (8th Cir. 1982). The issue, then, is whether issuance of a cashier's check payable to an out-of-state payee subjects the issuing bank to personal jurisdiction in the payee's forum for a claim of wrongful dishonor. Somewhat surprisingly, the parties have not cited, and we have not found, any reported case addressing this issue.

A cashier's check is a check drawn by a bank on its own account. In Uniform Commercial Code terminology, "the drawer and the drawee are the same bank or branches of the same bank." ARK. STAT. ANN. § 4-3-104(g). Under the Uniform Commercial Code, a cashier's check is payable at the drawee bank's place of business. ARK. STAT. ANN. § 4-3-111. Presentment, that is, a demand that the instrument be paid, "must be made at the place of payment if the instrument is payable at a bank in the United States." ARK. STAT. ANN. § 4-3-501(b)(1).

FNB Clinton issued its cashier's check in Kentucky and delivered the check to its Kentucky customers in Kentucky. The check was payable at FNB Clinton's place of business in Kentucky. The check was presented for payment there through the Federal Reserve System, and FNB Clinton dishonored the check in Kentucky. Moreover, the underlying transaction was a loan to finance a construction project in Kentucky. The only relationship between these transactions and Arkansas was that the construction contractor and its bank were Arkansas residents, which was a mere fortuity from the standpoint of FNB Clinton's role in issuing the cashier's check. In these circumstances, we agree with the district court that FNB Clinton did not purposefully avail itself of the privilege of conducting business in Arkansas and therefore its contacts with that State were insufficient to subject it to personal jurisdiction in an Arkansas court. As the Supreme Court of Missouri said in dismissing for lack of personal jurisdiction a claim against a Nebraska bank for not paying drafts submitted for collection by a Missouri bank, permitting the case to go forward in Missouri "would mean that a nonresident bank could be sued in Missouri for acts wholly performed in the state of its residence in the usual course of conducting its banking business." State ex rel. Bank of Gering v. Scoenlaub, 540 S.W.2d 31, 35 (Mo. banc 1976).

FNB Lewisville argues that FNB Clinton is subject to personal jurisdiction in Arkansas because this case is comparable to a hypothetical we posed in Moog World Trade Corp. v. Bancomer, S.A., 90 F.3d at 1387. In Moog, we held that a foreign bank that issued a commercial letter of credit did not thereby subject itself to jurisdiction in Missouri, where the letter of credit beneficiary resided, even though the beneficiary's draw was dishonored by a confirming bank in Missouri. But we suggested that, had the confirming bank *honored* the beneficiary's draw, "we have little doubt that the Missouri long-arm statute would confer personal jurisdiction over" the foreign bank in a suit by the confirming bank for breach of the foreign bank's contractual obligation to reimburse the confirming bank. 90 F.3d at 1387. FNB Lewisville argues that it is analogous to the confirming bank in our hypothetical and therefore can sue FNB

Clinton in Arkansas for failing to pay the cashier's check. But the two situations are not analogous for personal jurisdiction purposes. In our hypothetical in <u>Moog</u>, the foreign bank both issued the commercial letter of credit *and* contracted for the services of a local confirming bank, to be performed in the confirming bank's forum State. In contrast, FNB Clinton did not solicit FNB Lewisville's involvement in the transaction or contract for its services in Arkansas. FNB Clinton simply undertook to pay FNB Lewisville (or any other holder) in Kentucky in accordance with the terms of the instrument. In our view, a foreign bank with no other contacts with Arkansas does not subject itself to personal jurisdiction in Arkansas courts simply by issuing a cashier's check that is ultimately delivered to an Arkansas bank as co-payee.

The judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.