**MED–TEC IOWA, INC, Plaintiff,**

**v.**

**COMPUTERIZED IMAGING REFERENCE SYSTEMS, INC., Defendant.**

No. 4–02–CV–90338.

United States District Court, S.D. Iowa, Central Division.

Oct. 3, 2002.

---

Kirk M. Hartung, Des Moines, IA, for Plaintiff.

Brian J. Laurenzo, Des Moines, IA, Stephen E. Noona, Norfolk, VA, for Defendant.

## MEMORANDUM OPINION AND ORDER

PRATT, District Judge.

Before the Court is the Motion for Temporary Restraining Order and/or Preliminary Injunction and Request for Expedited Action, filed by Plaintiff Med–Tec Iowa, Inc. ("Med–Tec") on September 25, 2002. Med–Tec seeks, pursuant to Federal Rule of Civil Procedure 65(b), to enjoin Defendant Computerized Imaging Reference Systems, Inc. ("CIRS") from making, using, selling, or offering to sell its IMRT phantom[1] at a trade show of the American Society for Therapeutic Radiology and Oncology ("ASTRO") to be held in New Orleans on October 6–10, 2002. On September 30, 2002, CIRS filed a Motion to Dismiss and/or Transfer, and, in the Alternative, Stay this action, in part for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). Briefs were submitted and arguments on both Motions was heard before the Court on October 2, 2002. As the Court finds it lacks personal jurisdiction over the Defendant, Defendant's Motion to Dismiss is granted. Plaintiff's Motion for Temporary Restraining Order and Defendant's Motion to Transfer, and in the Alternative, Stay are therefore denied as moot.

## I. Factual and Procedural Background

Plaintiff Med–Tec is an Iowa corporation with its principal place of business in Iowa. (Complaint at ¶ 2). Defendant CIRS is a Virginia corporation with its principal place of business in Virginia. (Complaint at ¶ 3).

Med–Tec filed this action on July 16, 2002, alleging infringement by CIRS of Med–Tec's U.S.Patent No. 6,364,529 issued on April 2, 2002 (the " '529 Patent"), which pertains to a radiation phantom for intensity modulated radiation therapy ("IMRT"), a form of cancer treatment. Med–Tec in its Motion urges that expedited relief in the form of a temporary restraining order and/or preliminary injunction is necessary due to the upcoming trade show of ASTRO, to be held in conjunction with its 44th annual meeting from October 6–10, 2002. ASTRO is the largest radiation oncology society in the world and its trade show is one of the largest and most important events of its kind in the industry. CIRS was an exhibitor at the 2001 ASTRO show, where it also displayed and sold its IMRT phantom. (Defendant's Opposition at 5). CIRS is a registered exhibitor at the 2002 trade show, as are at least nine other companies which also sell IMRT phantoms. (Defendant's Resistance at 4). Med–Tec does not believe that the IMRT phantoms marketed by its other competitors infringe the '529 Patent.

## II. Discussion

In order to grant injunctive relief, this Court must first have personal jurisdiction over the parties. *Land–O–Nod v. Bassett Furniture*, 708 F.2d 1338, 1340 (8th Cir. 1983) ("A court must have jurisdiction as a prerequisite to the exercise of discretion"); 13 Moore's Federal Practice 3d. § 65.05[1]. As the Court finds that it lacks personal jurisdiction over CIRS, the Court need not reach the merits of the preliminary injunction issue.

---

**1.** Plaintiff's Motion requests an injunction against Defendant's "secure lock bar product." As the Court has found no other such reference in any document filed by the parties on this Motion, the Court concludes that Plaintiff intended its Motion to refer to CIRS' IMRT phantom.

## A. Standard for Personal Jurisdiction

██ The plaintiff bears the ultimate burden of proving personal jurisdiction over the defendant. *Watlow Elec. Mfg. v. Patch Rubber Co.*, 838 F.2d 999, 1000 (8th Cir.1988). Jurisdiction, however, need not be proved by a preponderance of the evidence until trial or until an evidentiary hearing is held. *Dakota Indus., Inc. v. Dakota Sportswear, Inc.*, 946 F.2d 1384, 1387 (8th Cir.1991). To defeat a motion to dismiss for lack of personal jurisdiction, the nonmoving party need only make a *prima facie* showing of jurisdiction." *Id.*

██ The law of the Federal Circuit governs the issue of personal jurisdiction in patent-related cases. *Hildebrand v. Steck Mfg. Co.*, 279 F.3d 1351, 1354 (Fed. Cir.2002); *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1564 (Fed. Cir.1994), *cert. dismissed*, 512 U.S. 1273, 115 S.Ct. 18, 129 L.Ed.2d 917 (1994); *Silent Drive, Inc. v. Strong Industries, Inc.*, 2002 WL 1712329, at *1 (N.D.Iowa 2002). Under the Federal Circuit standard, this Court may properly exercise personal jurisdiction over a foreign corporation if a two-step inquiry is satisfied. *Hildebrand*, 279 F.3d at 1354. First, the party must be "amenable to service of process under the appropriate long-arm statute." *Id.* (citing *Int'l. Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945)). Second, the entirety of the party's activities within the forum state "must satisfy the minimum contacts requirement of the due process clause." *Id.* (citing *International Shoe*, 326 U.S. at 316, 66 S.Ct. 154).[2]

██ The relevant long-arm statute in this case, Iowa Rule of Civil Procedure 56.2, permits jurisdiction to the fullest con-stitutional extent. *See Larsen v. Scholl*, 296 N.W.2d 785, 788 (1990). As a result, the personal jurisdiction inquiry "collapses into the single question of whether the exercise of personal jurisdiction comports with due process." *Silent Drive*, 2002 WL 1712329 at 1–2 (citing *Bell Paper Box, Inc. v. U.S. Kids, Inc.*, 22 F.3d 816, 818 (8th Cir.1994)); *see also Hicklin Eng'g Inc. v. Aidco, Inc.*, 959 F.2d 738, 739 (8th Cir. 1992) (*per curiam*) (because personal jurisdiction in Iowa is coterminous with the constitutional reach of due process, the two level inquiry collapses into one).

Due process mandates that jurisdiction be exercised only if defendant has sufficient "minimum contacts" with the forum state, such that summoning the defendant to the forum state does not offend " 'traditional notions of fair play and substantial justice.' " *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463, 61 S.Ct. 339, 85 L.Ed. 278 (1940)). Due process requirements safeguard important liberty interests by ensuring that a defendant is not subject to binding judgments in a forum in which he had not established any meaningful contacts, ties, or relations, and by providing fair warning to defendants about the geographic areas in which their conduct could render them liable to suit. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985).

Personal jurisdiction may be established over a defendant through either general or specific jurisdiction. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414–16, 104 S.Ct. 1868, 80 L.Ed.2d 404

---

**2.** In a federal question case, the due process requirements of the Fifth Amendment apply. *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1560 n. 1 (Fed.Cir.1994). Although the *International Shoe* standard arose in the context of Fourteenth Amendment ju-risprudence, the Federal Circuit applies the standard of *International Shoe* and its progeny to Fifth Amendment due process cases arising under the federal patent laws. *Hildebrand*, 279 F.3d at 1355; *Akro Corp. v. Luker*, 45 F.3d 1541, 1543 (Fed.Cir.1995).

(1984). For general jurisdiction to attach, a defendant's contacts with the forum must be "continuous and systematic." *Id.; Deprenyl Animal Health, Inc. v. The Univ. of Toronto*, 297 F.3d 1343, 1350 (Fed.Cir. 2002) (citing *LSI Indus. Inc. v. Hubbell Lighting, Inc.*, 232 F.3d 1369, 1375 (Fed. Cir.2000)). Specific jurisdiction arises if the defendant "has purposefully directed his activities at residents of the forum and the litigation results from alleged injuries that arise out of or relate to those activities." *Burger King*, 471 U.S. at 476–77, 105 S.Ct. 2174. These two requirements are part of the three-factor test articulated by the Federal Circuit for determining whether the exercise of jurisdiction comports with due process. *Akro Corp. v. Luker*, 45 F.3d 1541, 1546–49 (Fed.Cir. 1995) (adopting a three-part test). The third factor, which corresponds to the "fair play and substantial justice" prong of the *International Shoe* analysis, is whether the assertion of personal jurisdiction is reasonable and fair. *Id.* Applying these standards, the Court finds that it can exercise neither general nor specific jurisdiction over CIRS in the instant case.

## B. CIRS' Contacts With the Forum

■ The only basis of jurisdiction asserted in the Complaint is the allegation that CIRS' acts of infringement "occur within this District and elsewhere in the United States." (Complaint at ¶ 8). CIRS does not own or operate any facilities or maintain any offices in Iowa, is not registered to do business in Iowa, has no agent, representative, or employees in Iowa, maintains no bank accounts in the state, and has never had an interest in real estate in Iowa. (Defendant's Brief on Motion to Dismiss at 4–5). The only sales by CIRS in Iowa are i) the sale of one (1) IMRT phantom to the University of Iowa in 2001, which was unsolicited by CIRS and occurred prior to the issuance of the '529 Patent; and ii) limited sales made

to Med–Tec, at its request, of raw materials, with an estimated total value of $30,000 for materials sold in 2001 and $11,000 for materials sold in 2002. *Id.* These contacts alone do not rise to the level of "continuous and systematic" contacts sufficient to confer general jurisdiction over CIRS. They are also clearly inadequate grounds for specific jurisdiction, as none of these transactions infringed the '529 Patent, which was issued in April, 2002 and covered only the Med–Tec IMRT phantom.

However, in its Opposition and in oral argument, Med–Tec further asserted that CIRS has purposely directed its business activities at Iowa through "an intense international marketing campaign", including advertisements in international trade publications circulated to businesses in Iowa, and through their "interactive" website. (Plaintiff's Opposition at 2, 5–6). CIRS maintains that it does not, whether through its website, advertising, or otherwise, direct or target its advertising or sales to Iowa. (Defendant's Brief on Motion to Dismiss at 9). The Court cannot find that the CIRS website and advertising in publications circulated within the state are sufficient grounds to permit this action to proceed against CIRS in this Court.

The Court finds the law clear that advertising in trade publications, and indeed other minimal solicitation, is not alone a sufficient basis for establishing personal jurisdiction. *Caribbean Broadcasting Sys. v. Cable & Wireless PLC*, 148 F.3d 1080, 1089–90 (D.C.Cir.1998); *McFarlane v. Esquire Magazine*, 74 F.3d 1296 (D.C.Cir. 1996) (finding authorship of an article in a national publication circulated in the district did not subject the author to personal jurisdiction there); *Volkswagen De Mexico v. Germanischer Lloyd*, 768 F.Supp. 1023 (S.D.N.Y.1991) (finding advertising in publications distributed in the district did not

support jurisdiction under the state long-arm statute); *Zumbro, Inc. v. California Natural Products*, 861 F.Supp. 773, 779 (D.Minn.1994) (finding solicitation through advertisements in national trade journals distributed in Minnesota "not substantial" contacts, even when coupled with limited sales by defendant).

Likewise, maintaining a passive website, which in this case merely provides information to the public about CIRS' product line, will not confer personal jurisdiction over a party. *See Gorman v. Ameritrade*, 293 F.3d 506 (D.C.Cir.2002) (the mere accessibility of a defendant's website does not establish the necessary minimum contacts with a forum); *Remick v. Manfredy*, 238 F.3d 248 (3rd Cir.2001) (the mere "posting of advertisements or information on a website does not confer nationwide jurisdiction"); *Winfield Collection, Ltd. v. McCauley*, 105 F.Supp.2d 746, 750 (E.D.Mich.2000) (holding "the use of the Internet alone is no more indicative of local jurisdictional contacts than an isolated advertisement in a nationally-distributed magazine").

■ Although Med–Tec claims that CIRS' website is "interactive," this Court does not agree. Many courts have adopted the "sliding scale" jurisdictional analysis for websites articulated in *Zippo Manufacturing Co. v. Zippo Dot Com, Inc.*, 952 F.Supp. 1119 (W.D.Pa.1997). *Zippo* described "interactive" sites as essentially a "middle ground" between an active and passive website, which allows the user to "exchange information with the

host computer." *Id.* at 1124. Based on Med–Tec's Opposition and the oral arguments presented, Med–Tec has not established that CIRS's website is anything more than a passive website. The CIRS website contains descriptions of its products, technical and other product information, and instructions for customers wishing to place orders for its products. The website also allows prospective purchasers to download a catalog containing the IMRT phantoms and other CIRS products. (Plaintiff's Opposition at 5–6). The CIRS website does not permit online placement of orders or any other "exchange of information", and the ability of prospective customers nationwide to access the information it contains does not confer jurisdiction on this Court.[3] For these reasons the Plaintiff's assertion of personal jurisdiction over the Defendant fails.[4]

## C. Preliminary Injunction

A preliminary injunction in a patent infringement case is "a drastic and extraordinary remedy that is not to be routinely granted." *Intel Corp. v. ULSI Sys. Tech., Inc.* 995 F.2d 1566, 1568 (Fed.Cir.1993). Because the Court finds it has no jurisdiction over Defendant CIRS, it cannot reach the merits of Plaintiff's Motion for injunctive relief. However, were this Court to do so, it would likely find inapplicable the presumption of irreparable harm, which arises when a "strong showing" of patent validity and infringement is made. *Smith Int'l v. Hughes Tool Co.*, 718 F.2d 1573, 1581 (Fed.Cir.1983). Med–Tec has not

---

3. Even were the Court to find CIRS' site "interactive", it would still need to examine the level of interactivity and the commercial nature of the exchange of information to determine whether jurisdiction is proper. The ability of a customer to download in print the catalog and other information available online is hardly sufficient to meet this test.

4. Since the Plaintiff has failed to establish the requisite "minimum contacts" necessary, the Court need not proceed to the second prong of the *International Shoe*, which affords the defendant an opportunity to defeat jurisdiction by "presenting a compelling case that other considerations render the exercise of jurisdiction so unreasonable as to violate 'fair play and substantial justice.'" *Deprenyl*, 297 F.3d 1343.

otherwise established that it will be irreparably harmed unless injunctive relief is granted. As the Eighth Circuit reaffirmed in an opinion issued the same date as the hearing on these Motions, "a failure to demonstrate irreparable harm, standing alone, may be a sufficient basis to deny preliminary injunctive relief." *Caballo Coal Co. v. Peabody Coalsales Co.,* 305 F.3d 796 (8th Cir.2002), *citing Dataphase Sys., Inc. v. C.L. Sys., Inc.,* 640 F.2d 109, 114 n. 9 (8th Cir.1981) (*en banc*) (collecting cases). In *Caballo,* the Eighth Circuit found that the harm asserted by plaintiff could be distilled to claims compensable in damages and therefore found no basis for injunctive relief. While the Court's finding on the jurisdictional issue has the effect of denying Med–Tec the extraordinary relief it seeks on its Motion, this Court is similarly of the view that any harm Med–Tec experiences by virtue of CIRS' activities prior to final adjudication of its infringement claims has its remedy in damages.

## III. Order

Accordingly, Defendant's Motion to Dismiss is granted. Plaintiff's Motion for Temporary Restraining Order and/or Preliminary Injunction is denied as moot. Defendant's Motion to Transfer, and in the Alternative, Stay is denied as moot.

IT IS SO ORDERED.