# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3695

_____

Robert L. Dever,

      Plaintiff-Appellant,

v.

Hentzen Coatings, Inc.; Sherwin
Williams Company; W.M. Barr &
Company; LHB Industries., Inc.;
Hill Manufacturing Company,
Inc.; Niles Chemical Paint Company,
Inc.; and Chase Products Company;

      Defendants-Appellees.

Appeal from the United States
District Court for the Western District
of Arkansas.

_____

Submitted: May 10, 2004
Filed: August 23, 2004

_____

Before MORRIS SHEPPARD ARNOLD, McMILLIAN, and MELLOY, Circuit
      Judges.

_____

MELLOY, Circuit Judge.

Robert Dever ("Dever") claims that he developed a brain tumor as the result
of his exposure to chemical products produced by Hentzen Coatings, Inc. ("Hentzen"),
Sherwin Williams Company ("Sherwin Williams"), W.M. Barr & Company ("W.M.
Barr"), LHB Industries, Inc. ("LHB"), Hill Manufacturing Company, Inc. ("Hill"),

Niles Chemical Paint Company, Inc. ("Niles"), and Chase Products Company ("Chase Products"). The district court granted defendants' motions to dismiss for lack of personal jurisdiction. We affirm in part, reverse in part, and remand for further proceedings.

## I.

Dever, a resident and citizen of Kentucky, worked as a civilian employee at the Fort Knox Army Base in Fort Knox, Kentucky. He claims that he developed a brain tumor as a result of his occupational exposure to chemical agent resistant coating ("CARC") paint products. After the one-year statute of limitations ran in Kentucky, Dever brought this tort action in the United States District Court for the Western District of Arkansas. Dever alleged that defendants manufactured, sold, or distributed the CARC products to which he was exposed in Kentucky. None of the defendants are incorporated or have principal places of business in Arkansas.

## II.

We review personal jurisdiction questions de novo. Burlington Indus., Inc. v. Maples Indus., Inc., 97 F.3d 1100, 1102 (8th Cir. 1996). To survive a motion to dismiss for lack of personal jurisdiction, a plaintiff "must state sufficient facts in the complaint to support a reasonable inference that [the defendants] can be subjected to jurisdiction within the state. Once jurisdiction ha[s] been controverted or denied, [the plaintiff] ha[s] the burden of proving such facts." Block Indus. v. DHJ Indus., Inc., 495 F.2d 256, 259 (8th Cir. 1974) (internal citation omitted). The plaintiff's "'prima facie showing' must be tested, not by the pleadings alone, but by the affidavits and exhibits presented with the motions and in opposition thereto." Id. at 260. See also Davis v. St. Johns Health Sys., Inc., 71 S.W.3d 55, 57 (Ark. 2002) ("If the complaint does not allege sufficient facts on which personal jurisdiction can rest, then the complaint is factually deficient. Mere conclusory statements devoid of a factual

-2-

foundation do not suffice in this inquiry.") (internal citation omitted); <u>Jet Charter Serv., Inc. v. W. Koeck</u>, 907 F.2d 1110, 1112 (11th Cir. 1990) ("When a defendant raises through affidavits, documents or testimony a meritorious challenge to personal jurisdiction, the burden shifts to the plaintiff to prove jurisdiction by affidavits, testimony or documents."); <u>Taylor v. Portland Paramount Corp.</u>, 383 F.2d 634, 639 (9th Cir. 1967) ("We do not think that the mere allegations of the complaint, when contradicted by affidavits, are enough to confer personal jurisdiction of a nonresident defendant. In such a case, facts, not mere allegations, must be the touchstone.").

"A federal court in a diversity action may assume jurisdiction over nonresident defendants only to the extent permitted by the long-arm statute of the forum state and by the Due Process Clause." <u>Morris v. Barkbuster, Inc.</u>, 923 F.2d 1277, 1280 (8th Cir. 1991). Because the long-arm statute of Arkansas confers jurisdiction to the fullest constitutional extent, <u>see</u> <u>Davis</u>, 71 S.W.3d at 58, our inquiry is limited to whether the exercise of personal jurisdiction comports with due process. <u>Id.</u> <u>See also</u> <u>Bell Paper Box, Inc. v. U.S. Kids, Inc.</u>, 22 F.3d 816, 818 (8th Cir. 1994).

"Due process requires 'minimum contacts' between [a] non-resident defendant and the forum state such that 'maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" <u>Burlington Indus.</u>, 97 F.3d at 1102 (quoting <u>World-Wide Volkswagen Corp. v. Woodson</u>, 444 U.S. 286, 291-92 (1980)). The Supreme Court has set forth two theories for evaluating minimum contacts, general jurisdiction and specific jurisdiction. Under the theory of general jurisdiction, a court may hear a lawsuit against a defendant who has "continuous and systematic" contacts with the forum state, even if the injuries at issue in the lawsuit did not arise out of the defendant's activities directed at the forum. <u>Helicopteros Nacionales de Columbia, S.A. v. Hall</u>, 466 U.S. 408, 415-16 (1984). In contrast, specific jurisdiction is viable only if the injury giving rise to the lawsuit occurred within or had some connection to the forum state. <u>Id.</u> at 414. <u>See also</u> <u>Bell Paper Box</u>, 22 F.3d at 819

(identifying two types of personal jurisdiction—specific jurisdiction and general jurisdiction—and noting that the former "refers to jurisdiction over causes of action arising from or related to a defendant's actions within the forum state," while the latter "refers to the power of a state to adjudicate any cause of action involving a particular defendant, regardless of where the cause of action arose").

Both theories of personal jurisdiction require "some act by which the defendant purposely avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Hanson v. Denckla, 357 U.S. 235, 253 (1958). If a court determines that a defendant has minimum contacts with the forum state, it may then consider "whether the assertion of personal jurisdiction would comport with 'fair play and substantial justice.'" Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476 (1985) (quoting International Shoe Co. v. Washington, 326 U.S. 310, 320 (1945)).

Based on the foregoing, we have instructed courts to consider the following factors when resolving a personal jurisdiction inquiry: "(1) the nature and quality of [a defendant's] contacts with the forum state; (2) the quantity of such contacts; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) [the] convenience of the parties." Burlington Indus., 97 F.3d at 1102. Significant weight is given to the first three factors. See id. ("[T]he first three factors [are] of primary importance."). However, the fact that the cause of action is not linked to the defendant's contacts with the forum state does not necessarily preclude a finding of personal jurisdiction. See Helicopteros, 466 U.S. at 414-15 (explaining general personal jurisdiction).

III.

Dever does not argue that the district court had the power to exercise specific personal jurisdiction. We agree with the district court that no basis for specific personal jurisdiction exists, as the alleged injury arose outside of Arkansas. The issue is whether there is a basis for the district court to exercise general personal jurisdiction over the defendants.

• Chase Products, Niles, & Hentzen

Chase Products, Niles, and Hentzen are incorporated and have principal places of business outside of Arkansas. Each of these defendants challenged the exercise of personal jurisdiction below. Chase Products and Niles averred that they are not registered to do business in Arkansas and have no offices, inventory, bank accounts, real estate, personal property, employees, or agents in the state. Niles further alleged that its products are sold to three military depots only, none of which are located in Arkansas. In its motion to dismiss, Hentzen generally averred that it lacked sufficient contacts with Arkansas to establish personal jurisdiction. On appeal, Hentzen admits that it transacts business in Arkansas but maintains that its business transactions there are de minimis.

After defendants challenged the exercise of personal jurisdiction, Dever failed to rebut their assertions with testimony, affidavits, or other documents. Instead, he rested on the conclusory allegations in his complaint to establish minimum contacts. Where the assertions in a plaintiff's complaint are contested, this is not enough. See Block Indus., 495 F.2d at 260; Jet Charter Serv., 907 F.2d at 1112; and Taylor, 383 F.2d at 639. Because Dever failed to make a prima facie showing that these defendants had "continuous and systematic" contacts with the forum state, the district

court had no basis to exercise general personal jurisdiction over them. Helicopteros, 466 U.S. at 416.[1]

• W.M. Barr

W.M. Barr is incorporated and has its principal place of business in Tennessee. W.M. Barr manufactures chemicals, but it is undisputed that W.M. Barr does not manufacture, distribute, or sell CARC products. In its motion to dismiss, Barr averred that it is not registered to do business in Arkansas and that it has no offices, inventory, real estate, employees, bank accounts, personal property, or agents in the state. Unlike Chase Products and Niles, W.M. Barr conceded that its products are sold in Arkansas. However, W.M. Barr maintained, and Dever did not dispute, that W.M. Barr "sells its product[s] from Memphis[, Tennessee] to various retailers and specialty industries who in turn sell them to consumers or use them in commercial applications."

Dever argues that the district court had the power to exercise general personal jurisdiction over W.M. Barr because W.M. Barr placed its products in the stream of commerce. We disagree. The mere fact that W.M. Barr's non-CARC products are found in Arkansas is insufficient to support a finding of general personal jurisdiction under a stream-of-commerce theory. See Falkirk Mining Co. v. Japan Steel Works, Ltd., 906 F.2d 369, 376 (8th Cir.1990) ("[P]lacement of a product into the stream of commerce, without more, does not constitute an act of the defendant purposefully directed toward the forum State."); Guinness Import Co. v. Mark VII Distribs., Inc., 153 F.3d 607, 614-15 (8th Cir. 1998) (finding that a Jamaican brewer, whose beer was

---

[1]We reject Dever's argument that the district court abused its discretion in denying him the opportunity to conduct jurisdictional discovery. See Carefirst of Maryland, Inc. v. Carefirst Pregnancy Ctrs., Inc., 334 F.3d 390, 402 (4th Cir. 2003) ("When a plaintiff offers only speculation or conclusory assertions about contacts with a forum state, a court is within its discretion in denying jurisdictional discovery.").

distributed in Minnesota, did not have sufficient minimum contacts with Minnesota for the exercise of personal jurisdiction; the plaintiff failed to show that the brewer exercised control over distributors once beer left the foreign country; plaintiff further failed to show that the brewer was licensed to do business in the state, had employees or agents in the state, or maintained bank accounts, phone numbers, or mailing addresses in the state).  Moreover, nothing in the record suggests that W.M. Barr "'pour[ed] its products' into a regional distributor with the expectation that the distributor [would] penetrate [the Arkansas market]."  Vandelune v. 4B Elevator Components Unlimited, 148 F.3d 943, 948 (8th Cir. 1998) (quoting Barone v. Rich Bros. Interstate Display Fireworks Co., 25 F.3d 610, 615 (8th Cir. 1994).  We therefore find that Dever failed to generate a prima facie showing of personal jurisdiction with regard to W.M. Barr.

• Sherwin Williams

Sherwin Williams is incorporated and has its principal place of business in Cleveland, Ohio.  Sherwin Williams admitted that it operates retail stores in Arkansas and has a registered agent for service of process there.  Sherwin Williams further admitted it sells CARC products to the military; however, Sherwin Williams maintained that it sells only residential products (not CARC products) to the public in its retail stores.

We find that Sherwin Williams has sufficient contacts with the state of Arkansas to meet the requirements of the Due Process Clause.  Although the parties do not reside in Arkansas and Dever's alleged injury took place in Kentucky, the fact remains that Sherwin Williams conducts continuous business in Arkansas; it employs workers, owns and leases property, and has designated an agent for service of process in the state.  Sherwin Williams "purposefully avail[ed] itself of the privilege of conducting activities within the forum state," Hanson v. Denckla, 357 U.S. at 253, and its contacts were not "random, fortuitous, or attenuated."  Burger King, 471 U.S. at

475 (internal quotations omitted). Giving due weight to the nature, quality, and quantity of its connections, we find that Sherwin Williams could "reasonably anticipate being haled into court" in Arkansas. World-Wide Volkswagen, 444 U.S. at 297. See Davis, 71 S.W.3d at 61 (finding that although the parties resided outside the forum state and the alleged injury took place outside the forum state, minimum contacts were met because defendant conducted substantial business in the forum state, had substantial property and employees in the forum state, and designated an agent for service of process there).

• LHB & Hill

LHB and Hill did not file motions to dismiss for lack of personal jurisdiction. Instead, they filed motions for summary judgment on the merits of Dever's tort claim, alleging that they never manufactured, distributed, or sold CARC products. The district court dismissed all defendants on personal jurisdiction grounds and did not rule on these defendants' motions for summary judgment. On appeal, LHB and Hill now contend that they have insufficient contacts with Arkansas to establish personal jurisdiction. However, neither has denied that they transacted business or derived substantial economic benefit in Arkansas.

At this stage of the litigation we are compelled to accept uncontested allegations as true and to view them in the light most favorable to Dever. See Vandelune, 148 F.3d at 948. Doing so, we assume that the quantity, quality, and nature of these defendants' contacts with Arkansas are significant and find that Dever made a prima facie showing of general personal jurisdiction. See Burger King, 471 U.S. 475-76 ("[W]here the defendant 'deliberately' has engaged in significant activities within a State, or has created 'continuing obligations' between himself and residents of the forum, he manifestly has availed himself of the privilege of conducting business there, and because his activities are shielded by 'the benefits and protections' of the forum's laws it is presumptively not unreasonable to require him to submit to

-8-

the burdens of litigation in that forum as well."). Although a more fully developed record may ultimately reveal that minimum contacts are lacking, at this point, we cannot say there is no basis to exercise personal jurisdiction over these defendants.[2]

Based on the foregoing, we affirm the district court's finding that it lacked personal jurisdiction over Chase Products, Niles, Hentzen, and W.M. Barr. We reverse the district court's finding that it lacked personal jurisdiction over LHB, Hill, and Sherwin Williams and remand for further proceedings.[3]

———————————————————

[2]LHB and Hill denied Dever's assertion that they manufactured, distributed, or sold CARC products. While this may be dispositive in a motion for summary judgment on the merits of Dever's tort claim, it does not necessarily preclude a finding of general personal jurisdiction. As noted above, a court may hear a lawsuit against a defendant who has "continuous and systematic" contacts with the forum state, even if the injuries at issue in the lawsuit did not arise out of the defendant's activities directed at the forum. Helicopteros, 466 U.S. at 416.

[3]The district court denied Dever's motion to amend his original complaint, finding that it added "nothing more to the jurisdictional equation." Because we reverse the district court's finding that it lacked personal jurisdiction over LHB, Hill, and Sherwin Williams, we also vacate the district court's order denying Dever's motion to amend. Upon remand, the district court should reconsider whether to grant Dever leave to amend his original complaint. We express no opinion as to whether such leave should be granted. We also express no opinion as to whether venue is proper in the Western District of Arkansas, an issue raised by the parties below.