**PRINCIPAL FINANCIAL SERVICES, INC., an Iowa corporation, Plaintiff,**

v.

**BIG FINANCE AND INSURANCE SERVICES, INC., a Nevada corporation, Defendant.**

No. 4:06 CV 00003.

United States District Court, S.D. Iowa, Central Division.

March 27, 2006.

Daniel A Rosenberg, Davis Brown Koehn Shors & Roberts PC, Des Moines, IA, for Big Finance and Insurance Services, Inc., Defendant.

Richard B Biagi, Neal & McDevitt LLC, Northfield, IL, Brian L Campbell, Faegre & Benson—DM, Des Moines, IA, Kevin J McDevitt, Neal & McDevitt, Susan Somers Neal, Neal & McDevitt, Northfield, IL, Chad·R Anderson, Faegre & Benson, Des Moines, IA, for Principal Financial Services, Inc., Plaintiff.

## ORDER ON PLAINTIFF'S REQUEST FOR JURISDICTIONAL DISCOVERY

PRATT, District Judge.

Plaintiff, Principal Financial Services, Inc. ("Principal"), filed a Complaint (Clerk's No. 1) on January 4, 2006, alleging that Defendant, Big Finance and Insurance Services, Inc. ("Big Finance"), engaged in trademark infringement and unfair competition by using Principal's logo. Principal is an Iowa corporation with its principal place of business in Des Moines, Iowa, and Big Finance is a Nevada corporation with its principal place of business in Laguna Nigel, California. The Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121, and 28 U.S.C. §§ 1332 and 1338. On February 20, 2006, Big Finance moved to dismiss the suit (Clerk's No. 10) on the basis that this Court lacks personal jurisdiction over Big Finance. Principal filed a Resistance (Clerk's No. 11) on March 9, 2006, and Big Finance filed a Reply (Clerk's No. 13) on March 17, 2006. In its Resistance, Principal requested leave to conduct jurisdictional discovery. Because jurisdictional discovery will aid in the Court's resolution of the personal jurisdiction question, Principal's request for jurisdictional discovery is granted.

## I. FACTS

Principal is a multi-national corporation offering a variety of products and services in the fields of insurance, finance, investing, retirement, banking, healthcare, and real estate. Principal and its licensees and affiliates use a variety of trademarked triangular logos, which Principal refers to as the "Principal Family of Triangle Design Marks." Complaint ¶ 2. Big Finance is a technology and software development company that provides Internet-based software and technology support tools to the automotive industry. According to Principal, Big Finance began using a triangular logo that is virtually identical to the logo used by Principal and its affiliates. Complaint ¶ 14. In addition, Principal contends, both Principal and Big Finance have typically used the triangle design in the color blue. *Id.* Principal's Complaint alleges the following three counts: (1) that Big Finance's use of the triangle design violates Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1); (2) that Big Finance's actions violate Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); and (3) that Big Finance's use of the triangle design constitutes unfair competition in violation of Iowa common law. Principal seeks injunctive and monetary relief.

Principal's Complaint alleges that Big Finance "is doing business within the State of Iowa and within this District." Complaint ¶ 3. Principal alleges that Big Finance used a triangle design similar to Principal's triangle design in Iowa and in interstate commerce. *Id.* ¶ 14. Big Finance, in turn, contends that its contacts with Iowa are not sufficient to make it subject to personal jurisdiction in Iowa.

Big Finance markets its web-based software under the name BIGFNI. The software is intended for use by automobile dealers to manage the processes of credit application, financial institution submission, and approval of loans for prospective car purchasers. Sherman Decl. ¶ 3. According to Big Finance, it must establish relationships with lenders and automobile dealers in a given state before a dealer in that state can make use of the online software. *Id.* ¶ 3. According to a Declaration submitted by Sanfort Sherman, the Vice President–General Counsel, Chief Privacy Officer, and Secretary for Big Finance, no financial institutions in Iowa are qualified to use the BIGFNI software to process credit applications. *Id.* ¶ 9. Sherman also states that there are no automobile dealers in Iowa who are qualified to use the BIGFNI software. Sherman states that Big Finance has never received an application from a dealer in Iowa, and if it did, the application would be returned because Big Finance is not set up to do business in Iowa. *Id.* ¶ 16. Sherman asserts that Big Finance has had few, if any, contacts with Iowa:

> BIG is not registered to do business in the State of Iowa, has never entered into any contracts with any Iowa entities; never entered into a contract governed by Iowa law, never traveled to the State of Iowa for business purposes, has never recruited employees from/within the State of Iowa, has no offices in the State of Iowa, has no customers/clients in the State of Iowa, has never transacted business in the State of Iowa, has never owned or leased property in the State of Iowa, has never had any bank accounts in the State of Iowa, has never sued or been sued in the State of Iowa (except for the present matter), has no record of ever placing/receiving any phone calls to/from anyone in the State of Iowa (except to counsel in the present matter), has no record of ever sending or receiving correspondence to/from the State of Iowa (except with counsel and plaintiff in the present matter), and has no record of sending/receiving any emails to/from anyone in the State of

Iowa (except to counsel in the present matter).

*Id.* ¶ 19.

Principal contends that Big Finance's contacts with Iowa are sufficient to establish personal jurisdiction. First, Principal states, Big Finance maintains a website at which it solicits applications from auto-dealers throughout the United States who wish to purchase Big Finance's services. In support of its position, Principal presents exhibits compiled from Big Finance's website, at *www.bigfni.com.* Principal's exhibits and accompanying declaration show a map of the United States that allows Big Finance website users to click on the state of Iowa. When a user clicks on the Iowa icon, the website displays a message that states: "Check Back Often—Lenders Coming Soon." Pl.'s Exs. A, B. The website also contains a link to a "Dealer Sign–Up Form" that dealers fill out electronically and submit through the website. Principal contends that there is nothing on the website indicating that dealers from Iowa cannot sign up. A drop-down menu on the Dealer Sign–Up Form allows users to choose Iowa. Pl.'s Ex. D.

Principal alleges that Big Finance's contacts with Iowa extend beyond the website. For instance, Big Finance maintains relationships with some lenders who do business on a national or regional basis, including business in Iowa. Principal also asserts that Big Finance has a representative, Jack Oliver, who is the Central Regional Manager for Big Finance. According to Principal, Oliver is responsible for conducting business in Illinois, Indiana, Iowa, Minnesota, Michigan, Ohio, and Wisconsin. Pl.'s Ex. A. Both parties agree that Big Finance advertises in national trade publications, including a publication named *Automotive News.* Big Finance is a regular sponsor of the National Auto Dealers Association annual convention, which is held in either San Francisco, Las Vegas, New Orleans, or Florida. In addition, Big Finance is a member and sponsor of the National Automotive Finance Association. Big Finance states that a predecessor entity of Big Finance filed a certificate of authority with the Iowa Secretary of State in 1998, which expired in 1999, and no business was conducted in Iowa.

## II. STANDARDS FOR MOTION TO DISMISS

Although the Court will not rule on Big Finance's Motion to Dismiss at this time, a brief discussion of the standards for a motion to dismiss is useful in resolving the question whether to grant jurisdictional discovery. When ruling on a motion to dismiss, the Court must "accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta,* 410 F.3d 1036, 1039 (8th Cir.2005). The Court applies a stringent standard to a Rule 12(b)(6) motion to dismiss, and "[a] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove *no* set of facts in support of his claim which would entitle him to relief." *Parnes v. Gateway 2000, Inc.,* 122 F.3d 539, 545–46 (8th Cir.1997) (quoting *Fusco v. Xerox Corp.,* 676 F.2d 332, 334 (8th Cir.1982) (citation omitted) (emphasis added)). In a motion to dismiss for lack of personal jurisdiction, "the nonmoving party need only make a prima facie showing of jurisdiction, and may do so by affidavits, exhibits, or other evidence." *Romak USA, Inc. v. Rich,* 384 F.3d 979, 983 (8th Cir.2004) (citation omitted). Although the Court draws all inferences in favor of Principal as the nonmoving party, Principal carries the burden of proof as the party seeking to establish in personam jurisdiction. *See id.*

## III. PLAINTIFF'S REQUEST FOR JURISDICTIONAL DISCOVERY

■ A federal court may assume jurisdiction over a nonresident defendant to the extent permitted by the forum state's long-arm statute and by the Due Process Clause. *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1073 (8th Cir.2004). Iowa's long-arm statute confers jurisdiction to the full extent permitted by the Constitution. *Hicklin Eng., Inc. v. Aidco, Inc.*, 959 F.2d 738, 739 (8th Cir.1992); *see* Iowa R. Civ. P. 1.306. For this reason, the Court's analysis of the matter will focus on the requirements of the Due Process Clause.

■ The Due Process Clause "requires 'minimum contacts' between the non-resident defendant and the forum state such that 'maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Burlington Indus., Inc. v. Maples Indus., Inc.*, 97 F.3d 1100, 1102 (8th Cir.1996) (quoting *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291–92, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980); *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945)). The Supreme Court has set forth two theories for establishing personal jurisdiction over non-resident defendants: (1) general jurisdiction, for cases in which a non-resident defendant has had "continuous and systematic" contacts with the forum state, even if the injuries in the particular case did not arise from those contacts; and (2) specific jurisdiction, for cases in which the injury giving rise to the lawsuit occurred in or had some connection with the forum state. *Dever*, 380 F.3d at 1073 (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415–16, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984)). Under either theory, it is a prerequisite for jurisdiction that "there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 254, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958); *Dever*, 380 F.3d at 1073.

Based on these standards, the Eighth Circuit has instructed trial courts to consider five factors when determining whether personal jurisdiction exists: "(1) the nature and quality of [a defendant's] contacts with the forum state; (2) the quantity of such contacts; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5)[the] convenience of the parties." *Dever*, 380 F.3d at 1073–74 (quoting *Burlington Indus.*, 97 F.3d at 1102). The Court is to give significant weight to the first three factors. *Id.*

Big Finance contends that this Court's decision in *Med–Tec Iowa, Inc. v. Computerized Imaging Reference Sys., Inc.*, 223 F.Supp.2d 1034, 1035 (S.D.Iowa 2002) indicates that neither Big Finance's advertisements in trade publications, nor its Internet site, are sufficient to establish personal jurisdiction in Iowa. In *Med–Tec*, this Court examined whether it had personal jurisdiction over the defendant, a manufacturer of medical equipment. In addition to selling one piece of equipment in Iowa that was unrelated to the claim, the defendant had placed advertisements in trade publications. This Court concluded that "advertising in trade publications, and indeed other minimal solicitation, is not alone a sufficient basis for establishing personal jurisdiction". *Med–Tec*, 223 F.Supp.2d at 1038 (citing *Caribbean Broad. Sys. v. Cable & Wireless PLC*, 148 F.3d 1080, 1089–90 (D.C.Cir.1998); *McFarlane v. Esquire Magazine*, 74 F.3d 1296 (D.C.Cir.1996); *Zumbro, Inc. v. Cal. Natural Prods.*, 861 F.Supp. 773, 779 (D.Minn.1994); *Volkswagen De Mexico v. Germanischer Lloyd*, 768 F.Supp. 1023 (S.D.N.Y.1991)). Likewise, this Court determined that the de-

fendant's website, which the Court termed "passive," was not sufficient to establish personal jurisdiction. *Med–Tec,* 223 F.Supp.2d at 1038.

Principal contends that Big Finance "has purposely and repeatedly sent the trademark at issue into the State of Iowa seeking customers." Pl.'s Br. at 6. This contention is based on the presence of Big Finance's logo on its website and on the fact that Big Finance has a regional manager whose assignment includes Iowa. Principal also contends that Big Finance is in the process of creating a nationwide network and that it is "implausible" to think that Big Finance has no dealings in Iowa. Pl.'s Br. at 7. Similarly, Principal asserts that Big Finance's relationships with national banks, such as Bank of America, subject it to jurisdiction in Iowa. *Id.*

Principal requests jurisdictional discovery in the event that the Court desires additional information regarding Big Finance's purported activities in Iowa. In *Lakin v. Prudential Securities, Inc.,* the Eighth Circuit reviewed a case in which the district court dismissed a lawsuit for lack of personal jurisdiction. After reviewing the record, the Eighth Circuit concluded that the district court erred when it denied the plaintiff's request for jurisdictional recovery. *Lakin,* 348 F.3d 704, 710 (8th Cir.2003). The court observed that the record did not contain facts sufficient to determine whether loans issued by the defendant were secured by parcels of property in Missouri, the forum state. *Id.*

In *Lakin,* the Eighth Circuit also examined whether the defendant's website was sufficient to establish personal jurisdiction. The court examined the "sliding scale" test developed in *Zippo Mfg. Co. v. Zippo Dot Com, Inc.,* 952 F.Supp. 1119, 1124 (W.D.Pa.1997), which courts have applied widely to determine whether a website allows users to do business, on one end of the spectrum, or is passive, on the other end. *Lakin,* 348 F.3d at 710. The Eighth Circuit concluded that the *Zippo* test is appropriate for cases involving specific jurisdiction, but that the test is only part of the analysis for cases involving claims of general jurisdiction. *Id.* at 711. The *Lakin* court noted that the record in that case did not contain information about the number of times Missouri consumers had accessed the defendant's website, the number of Missouri consumers who had requested further information about the defendant's services, the number of Missouri consumers who had applied for loans via the website, the number of·responses Missouri residents received as a result of Internet inquiries, or the number of loans that resulted from website interactions. *Id.* at 712–13. Because the record contained so little information about the actual use of the website, the court concluded that the district court had erred in denying the plaintiff's request for jurisdictional discovery about the website as well as the loan security issue. *Id.* at 713.

Big Finance contends that *Lakin* is distinguishable from the instant case because in *Lakin,* the defendant had extended loans to residents of the forum state. Big Finance also notes, correctly, that a district court exercises its discretion in deciding whether to grant jurisdictional discovery. *See Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.,* 334 F.3d 390, 402–03 (4th Cir.2003); *see also Dever,* 380 F.3d at 1074 n. 1. Big Finance argues that Principal has not proffered any concrete evidence to support its position that personal jurisdiction is appropriate, and therefore Principal's request for jurisdictional discovery should be denied.

■ In the Court's view, *Lakin* provides valuable guidance for the instant case. Here, Principal presents the affidavit of John Sullivan (Clerk's No. 11–2), who examined Big Finance's website and cap-

tured images with links to the state of Iowa. Both parties' assertions regarding the website are largely confined to the format and content of the website, and there is little information in the record about the quality or quantity of contacts that the website has facilitated in Iowa, if any. Presumably this information is available to Principal only through discovery. *Compare Toys "R" Us, Inc. v. Step Two, S.A.,* 318 F.3d 446, 455 (3d Cir.2003) (noting that "any information regarding Step Two's intent vis-a-vis its Internet business and regarding other related contacts is known by Step Two, and can be learned by Toys only through discovery"). Accordingly, without delving further into the framework set forth in *Zippo* and other cases, the Court will grant Principal's request for jurisdictional discovery. In the Court's view, discovery will facilitate its analysis of the five factors for determining whether personal jurisdiction is appropriate, as well as the applicability of the *Zippo* test. The scope of discovery will be limited to the plan set forth in Principal's Resistance brief at pages 11–12, with a time frame of forty-five days. Jurisdictional discovery need not be limited to the question of Big Finance's website; that is, Principal may inquire into other areas that are likely to aid in the Court's resolution of the personal jurisdiction question.

Accordingly, Plaintiff's request for jurisdictional discovery (Clerk's 11) is GRANTED. The Court reserves ruling on Defendant's Motion to Dismiss for lack of personal jurisdiction at this time. Plaintiff's Motion For Hearing (Clerk's 12) is denied, although the Court may order a hearing on the motion to dismiss at a later date.

IT IS SO ORDERED.