**C. HoBart KEITH, Appellant,**

v.

**Louis K. FREIBERG and William M. Rensch, Appellees.**

**No. 80–1087.**

United States Court of Appeals, Eighth Circuit.

Submitted May 20, 1980.

Decided May 27, 1980.

C. HoBart Keith, pro se.

Alan E. Peterson, Cline, Williams, Wright, Johnson & Oldfather, Lincoln, Neb., for appellees.

Before ROSS, STEPHENSON and ARNOLD, Circuit Judges.

PER CURIAM.

Plaintiff, C. HoBart Keith, brought this diversity action in the United States District Court for the District of Nebraska against his former attorneys, Louis K. Freiberg and William M. Rensch, charging them with malpractice, breach of promise, deceit,

and "ripping them off." The district court[1] found that defendants' quantity of contacts with Nebraska was few, the quality of contacts was weak, the cause of action arose in South Dakota, and Nebraska neither had a significant interest in resolution of the dispute nor afforded any convenience to the parties which was unavailable in the courts of South Dakota. The court thus held personal jurisdiction could not be asserted over the defendants by means of the Nebraska long arm statute. And upon applying the constitutional limitations of the minimum contacts rule set out in *International Shoe Co. v. State of Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), as applied in *Aaron Ferer & Sons Co. v. Atlas Scrap Iron & Metal Co.*, 558 F.2d 450, 453 (8th Cir. 1977), the district court dismissed without prejudice for want of personal jurisdiction over the defendants.

In his four-page *pro se* brief on appeal Keith does not attack the findings of the district court. Rather he charges Rule 4(d)(7), (e), and (f) of the Federal Rules of Civil Procedure and the Rules Enabling Act, 28 U.S.C. § 2072, are unconstitutional.[2]

Keith's claim that Rule 4 and the Rules Enabling Act invalidly limit his right of venue under 28 U.S.C. § 1391(a) misses the point of the decision below, which was the Due Process Clause of the Fourteenth Amendment limited the court's power to exercise jurisdiction over defendants. And we affirm on the basis of the well-reasoned memorandum of the District Court.

It is so ordered.

---

1. The Honorable Warren K. Urbom, Chief United States District Judge for the District of Nebraska.

2. Although we need not address plaintiff's claims, we note the constitutionality of the Rules Enabling Act was long ago established [*see White v. Toledo, St. L. & K. C. R. R.*, 79 F. 133 (2d Cir. 1897)], and Rule 4 has been upheld against attacks of unconstitutionality and exceeding the congressional mandate embodied in the Rules Enabling Act. *Hanna v. Plumer*, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965); *Mississippi Pub. Corp. v. Murphee*, 326 U.S. 438, 66 S.Ct. 242, 90 L.Ed. 185 (1946).