# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3166

_____

Laura Stanton, as      *
Administrator of the Estate of      *
Thomas Stanton, deceased,      *
     *
     Appellant,      * Appeal from the United States
     * District Court for the
     v.      * District of Minnesota.
     *
St. Jude Medical, Inc.;      *
Spire Biomedical, Inc.,      *
also known as Spire Corporation,      *
     *
     Appellees.      *

_____

Submitted: May 16, 2003
Filed: August 25, 2003

_____

Before SMITH and HANSEN, Circuit Judges, and READE,[1] District Judge.

_____

READE, District Judge.

---

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa, sitting by designation.

In this action, brought under 21 U.S.C. § 360K(a), 21 U.S.C. § 360c(a)(i)(c) and 15 U.S.C.§ 2310(b), (d), Laura Stanton ("Stanton") appeals the district court's[2] order dismissing her complaint against Spire Biomedical, Inc., a/k/a Spire Corporation ("Spire"), for lack of personal jurisdiction.[3] We affirm.

I.

Thomas Stanton died in Nebraska after the surgical implantation of a mechanical mitral heart valve. Laura Stanton, the administrator of his estate, sued St. Jude Medical, Inc. ("St. Jude"), a Minnesota manufacturer of heart valves. She also sued Spire, a Massachusetts corporation. Spire used its patented ion beam process to apply St. Jude's patented coating (Silzone®) to bulk fabric supplied by St. Jude and shipped it back to St. Jude in Minnesota. St. Jude used the coated fabric in the manufacture of mechanical mitral heart valves including the one implanted in Mr. Stanton.

All of Spire's facilities and business operations are located in Massachusetts and Illinois. There is no dispute that Spire is not a resident of Nebraska, does not have offices, employees or agents in Nebraska and does not conduct business in Nebraska. Spire does not have marketing representatives in Nebraska and does not have a distribution network. There has been no showing that Spire participated directly or indirectly in the marketing, sales or distribution of mechanical mitral heart valves manufactured by St. Jude.

[2]The Honorable John R. Tunheim, United States District Judge for the District of Minnesota.

[3]Stanton originally brought this action in the United States District Court for the District of Nebraska. The action was subsequently transferred to the District of Minnesota for pre-trial proceedings by order of the Judicial Panel on Multidistrict Litigation. See In re St. Jude Medical, Inc. Silzone Heart Valves Product Liability Litigation (MDL No. 1396). If the matter had proceeded to trial, it would have been conducted in the District of Nebraska.

## II.

When reviewing an order dismissing a party from a case for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), we examine the question of whether the nonmoving party has established a prima facie case of personal jurisdiction de novo. Dakota Indus., Inc. v. Dakota Sportswear, Inc., 946 F.2d 1384, 1387 (8th Cir. 1991). We review a district court's determination regarding personal jurisdiction based on written submissions in the light most favorable to the nonmoving party. Wines v. Lake Havasu Boat Mfg., Inc., 846 F.2d 40, 42 (8th Cir. 1988) (per curiam).

The analysis of personal jurisdiction proceeds on two levels. First, we examine whether the exercise of jurisdiction is appropriate under the forum state's long-arm statute. Dakota, 946 F.2d at 1387. Second, we address whether the exercise of personal jurisdiction comports with the requirements of due process. Id.

Nebraska has construed its long-arm statute[4] to confer jurisdiction to the fullest extent permitted by the United States Constitution. Barone v. Rich Bros. Interstate Display Fireworks Co., 25 F.3d 610, 612 (8th Cir. 1994) (citing Keith v. Freiberg, 492 F. Supp. 65, 66-67 (D. Neb. 1980) in turn citing Stucky v. Stucky, 185 N.W.2d 656 (Neb. 1971), aff'd 621 F.2d 318 (8th Cir. 1980)). Because the Nebraska long-arm statute confers jurisdiction to the limits of due process, the single issue in this case is whether the exercise of personal jurisdiction over Spire violates due process.

Due process requires that there be sufficient "minimum contacts" between the nonresident defendant and the forum state such that "maintenance of the suit does not offend traditional notions of fair play and substantial justice." World-Wide

---

[4]Nebraska allows a court to exercise jurisdiction over a person "(a) [t]ransacting any business in [the] state; (b) [c]ontracting to supply services or things in [the] state; [or] (c) [c]ausing tortious injury by an act or omission in [the] state. . . ." Neb. Rev. Stat. § 25-536.

Volkswagen Corp. v. Woodson, 444 U.S. 286, 291-92 (1980). Sufficient minimum contacts exist when the "defendant's conduct and connection with the forum state are such that he [or she] should reasonably anticipate being haled into court there." Id. at 297. In assessing the defendant's reasonable anticipation, "it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Hanson v. Denckla, 357 U.S. 235, 253 (1958). The "'purposeful availment' requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts or of the 'unilateral activity of another party or a third person.'" Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985) (citations omitted). "Jurisdiction is proper, however, where the contacts proximately result from actions by the defendant himself that create a 'substantial connection' with the forum State." Id. (emphasis in original).

We apply a five-factor test in analyzing the constitutional requirements needed for personal jurisdiction. Austad Co. v. Pennie & Edmonds, 823 F.2d 223, 226 (8th Cir. 1987) (citations omitted). These factors are: "(1) the nature and quality of the contacts with the forum state; (2) the quantity of contacts with the forum; (3) the relation of the cause of action to these contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of the parties." Id. "The first three factors are of primary importance, and the last two are 'secondary factors.'" Id. Personal jurisdiction may be found where a seller uses a distribution network to deliver its products into the stream of commerce with the expectation that the products will be purchased by consumers in the forum state. See World-Wide, 444 U.S. at 297-98; Clune v. Alimak AB, 233 F.3d 538, 544-45 (8th Cir. 2000).

Stanton characterizes Spire's use of its patented ion beam process to apply St. Jude's patented coating to bulk fabric supplied by St. Jude as the addition of a component part to a product. Stanton contends that Spire should reasonably anticipate

-4-

being haled into court anywhere in the United States because St. Jude placed a mechanical mitral heart valve which included a component part processed by Spire into the national stream of commerce.

The district court correctly dismissed the claims against Spire for lack of personal jurisdiction. Assuming, arguendo, that Spire knew or should have known that the fabric it processed, which St. Jude used in the manufacture of a heart valve, would end up in the forum state, Stanton made no showing that Spire availed itself in any way of the benefits of the laws of the forum state. The fact Spire knew St. Jude distributed heart valves which were coated with St. Jude's product but applied by Spire does not demonstrate that Spire "purposefully avail[ed] itself of the privilege of conducting activities" in Nebraska. Hanson, 356 U.S. at 253. Whatever contacts the fabric processed by Spire may have had with Nebraska were the result of the actions of St. Jude and not of Spire. Cf. Asahi Metal Indus. Co. v. Superior Court of California, 480 U.S. 102, 104 (1987) (concluding that the mere fact that a manufacturer knew its valves would be used in motorcycle tires sold in the forum did not constitute sufficient minimum contacts because the valve manufacturer did nothing to purposely avail itself of the privilege of conducting business in the forum); Falkrik Min. Co. v. Japan Steel Works, Ltd., 906 F.2d 369, 375 (8th Cir. 1990) (finding no personal jurisdiction where a foreign manufacturer placed its product in the stream of commerce not knowing it would be installed in a product in North Dakota).

For the reasons stated above, we affirm the judgment of the district court.

III.

Spire filed a Motion to Strike the Supplemental Appendix submitted to us by Stanton. The parties did not agree to submit the materials contained in the Supplemental Appendix. Spire contends that such Supplemental Appendix should be stricken on the grounds that it contains copies of briefing submitted by the parties

to the district court and because it contains exhibits that were never received into evidence by the district court. Spire's Motion to Strike the copies of briefs submitted to the district court is denied. The briefs have some independent relevance because they shed light on the arguments made to the district court, and we always retain discretion to review the entire district court record. Fed. R. App. P. 30(a)(2) ("Memoranda of law in the district court should not be included in the appendix unless they have independent relevance. . . ."). See also Brown v. Home Ins. Co., 176 F.3d 1102, 1104, n. 2 (8th Cir. 1999) (denying motion to strike appendix materials submitted to the district court because they had independent relevance). To the extent Stanton is attempting to submit exhibits that were not admitted into evidence by the district court and were not part of the record before the district court, Spire's Motion to Strike the attached exhibits is granted.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.