**CAPITAL EQUIPMENT, INC., an Arkansas Corporation; Texas Timberjack, Inc., a Texas Corporation; and Noble Equipment, LLC, A Nevada Limited Liability Company Plaintiffs**

v.

**CNH AMERICA, LLC, Successor in Interest to New Holland North America, Inc., a Delaware Corporation, d/b/a New Holland Construction Defendant**

No. 4:04CV00381GTE.

United States District Court,
E.D. Arkansas,
Western Division.

Jan. 11, 2005.

Erika N. Donner, J. Michael Dady, John D. Holland, Ronald K. Gardner, Jr., Dady & Garner, P.A., Minneapolis, MN, John E. Tull, III, Paul Harrison Wood, Quattlebaum, Grooms, Tull & Burrow PLLC, Little Rock, AR, for Plaintiffs.

David Christopher Gardner, Attorney at Law, James Rogers McNeil, John V. Phelps, Womack, Landis, Phelps, McNeill & McDaniel, Jonesboro, AR, Lewis R. Sifford, Sifford, Anderson & Company, P.C., Dallas, TX, for Defendant.

## ORDER FINDING GENERAL PERSONAL JURISDICTION

EISELE, District Judge.

By Order dated September 27, 2004, the Court took under the advisement the issue of whether it has personal jurisdiction of Defendant New Holland Construction ("NHC") with regard to the claims of Plaintiffs Timberjack, Inc. and Noble Equipment, LLC ("Timberjack" and "Noble," respectively). The parties have conducted jurisdictional discovery and submitted additional briefing to support their respective positions. For the reasons stated herein, the Court concludes that it may exercise personal jurisdiction over the Defendant as to the claims of Plaintiffs Timberjack and Noble

## DISCUSSION

The factual background of this case was discussed in the Court's prior Order of September 27th and will not be repeated here.

### Joinder Issue Not Before the Court

■ NHC argues vigorously and at length that the consolidation of three separate jurisdictional lawsuits into one case, if permitted, will seriously inconvenience and prejudice it and confuse the jury. NHC points out that three distinct factual scenarios are involved and that a jury would be required to apply the laws of three different states to render a verdict. Such issues relate to the propriety of joining all three Plaintiffs in one lawsuit. *See* Fed. R.Civ.P. Rule 20 and 21. The issue of improper joinder is not before the Court. If the Defendant wishes to argue the three Plaintiffs are inappropriately joined, the remedy for which might be severance, it may raise that issue by appropriate motion. Such issues, however, are not determinative of the personal jurisdiction issue.

In short, the consideration of personal jurisdiction does not turn on the anticipated difficulties in presenting this case to the jury. The Court has in its arsenal of trial management tools various options to avoid or minimize jury confusion and undue prejudice to the parties. For example, while it might be appropriate following discovery to transfer the claims of Timberjack and Noble on forum non conveniens grounds, it is premature to do so now, as the Court so held in its prior Order, and inappropriate to allow such concerns to impose on the jurisdictional inquiry, which is the only issue now before the Court.

### General Jurisdiction Inquiry

In its September 27th Order, the Court rejected the contention that specific personal jurisdiction might be exercised here and held that the Plaintiffs would have to establish general personal jurisdiction. The exercise of specific jurisdiction requires less contact both in quantity and quality with the forum state because the conflict itself has some connection to the forum state. General personal jurisdiction, which requires no relationship between the conflict and the forum state, exists only if the defendant has sufficient systematic and continuous contacts with the forum state such that it is fair to require the defendant to litigate in the forum.

The Eighth Circuit analyzes the same factors—whether the issue is one of general or specific personal jurisdiction—to

determine whether the constitutional threshold for personal jurisdiction has been satisfied. These factors are: "(1) the nature and quality of the contacts with the forum state; (2) the quantity of contacts with the forum; (3) the relation of the cause of action to these contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of the parties." *Stanton v. St. Jude Medical, Inc.*, 340 F.3d 690, 694 (8th Cir.2003) (citation omitted). The first three factors are considered primary; the latter two are of secondary importance. The third factor is relevant only to specific jurisdiction inquiries. *Id.* Thus, when general personal jurisdiction is in controversy, only four factors need be considered.

Plaintiffs argue those factors are satisfied here. With respect to the first two factors, the quality and quantity of contacts, which governs the critical determination of whether Defendant has sufficient continuous and systematic contacts to justify the exercise of jurisdiction, the following facts exist:

* NHC has established a dealer network in Arkansas, consisting of four dealers in Alma, Fayetteville, Little Rock, and Monticello for the distribution of the heavy construction equipment it manufactures;

* NHC is registered to do business in the State of Arkansas and has a registered agent for service of process within the state;

* NHC has sold a substantial volume of goods within the State either through its dealer network or directly to end users;[1]

* NHC has appointed four District Business Managers and assigned them the task of marketing NHC goods within the State of Arkansas; at least three of NHC's employees presently reside and work within the State of Arkansas;

* NHC no longer leases office space for its Arkansas' operations, but did so for approximately five years.

Plaintiffs contend these contacts are sufficient to support a finding of general personal jurisdiction. Defendant disagrees and for support, relies on the case of *Metropolitan Life Insurance Company v. Robertson–Ceco Corp.*, 84 F.3d 560 (2nd Cir. 1996), contending it provides an appropriate analogy to resolve the present issue. The Court does not agree that *Metropolitan*, a Second Circuit case is binding precedent here or that applying *Metropolitan* would require a denial of personal jurisdiction.[2]

---

1. The dollar volume of these goods has not been established; instead, NHC attached in discovery almost thirty pages listing each item sold in the state by date. For example, in April of 1994, the month this action commenced, NHC sold 17 pieces of equipment in the state. In May of 1994, NHC sold 25 pieces of equipment in the state.

2. The Second Circuit resolves the jurisdictional issue by first determining whether a defendant's contacts are continuous and systematic enough to establish the requisite "minimum contacts." If so, Second Circuit courts then engage in a reasonableness inquiry requiring the examination of four factors: (1) burden on the defendant to litigate in the forum; (2) interests of the forum; (3) interests of the plaintiff in obtaining complete and effective relief; and (4) the efficient administration of justice. *Metropolitan*, 84 F.3d at 573. These reasonableness factors are not identical to the Eight Circuit's four factor test for determining general jurisdiction. Arguably, all but the last of the Second Circuit's factors, efficient administration of justice, are appropriate items of consideration under the Eighth Circuit four factor test. The Second Circuit factors— "burden on Defendant" and "interest of the Plaintiff in obtaining convenient and effective relief" are legitimate considerations under the Eight Circuit's broad fourth factor, convenience of the parties. The fifth factor, the efficient administration of justice, is not a specific factor in the Eighth Circuit. If this factor were considered here, it would weigh in favor of exercising jurisdiction due to considerations of judicial economy, at least at

To the extent Defendant contends that *Metropolitan* stands for the proposition that the Court must not consider at all the fact that the Defendant is already properly before the Court as to the claims of separate Plaintiff Capital Equipment, Inc., the Court rejects such an argument. The Court agrees that the jurisdictional issues are severable in that personal jurisdiction must be established for the claims of each Plaintiff against NHC. However, this does not mean that the fact that NCH already is a party to ongoing litigation in this forum, indeed in this very lawsuit, must be ignored in considering the convenience of the parties. Any and all factors which bear upon the parties' convenience may be considered. *See, e.g., Burlington Industries, Inc. v. Maples Industries, Inc.*, 97 F.3d 1100, 1103 (8th Cir.1996)(considering the fact that plaintiff was involved in litigation in other state in finding that plaintiff would not be inconvenienced by litigation outside its corporate home).

■ The Court now turns to the required application of the Eight Circuit test. Considering the first two factors together, the Court concludes that the nature and quality of NCH's contacts with Arkansas and the quantity of such contacts supports the exercise of general personal jurisdiction. NCH conducts continuous business in Arkansas through its Arkansas dealer network, four dealers in total, which are located throughout the state in a manner enabling NCH to have statewide coverage and market penetration. Of course, the placement of product in the stream of commerce alone is insufficient to merit a finding of general jurisdiction. *Guinness Import Co. v. Mark VII Distribs., Inc.*, 153 F.3d 607, 614–15 (8th Cir.1998). There is more. In addition to its dealer network, NHC employees four District Business Managers for the purpose of marketing

NCH product in the state. Three of these employees actually reside in Arkansas. The amount of product sold by NHC in the state is significant over a continuous period of time. Finally, NCH sells its product not only through its dealer network, but also directly to in-state end users.

NHC conducts continuous business in Arkansas, employs workers here, is registered to do business in Arkansas and has designated an agent for service of process here. Finally, for a period of five years, NHC actually had a physical office located in the state, although that office has since been closed.

NHC has "purposefully avail[ed] itself of the privilege of conducting activities within the forum state," *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958), and its contacts were not "random, fortuitous, or attenuated." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)(internal quotations omitted). After considering the nature, quality, and quantity of its Arkansas connections, the Court concludes that NHC could "reasonably anticipate being haled into court" in Arkansas. *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980); *see also Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1075 (8th Cir.2004)(finding general personal jurisdiction as to Sherwin Williams, noting it operated retail stores, employed workers, owned and leased property, and had a registered agent for service of process in the state).

The last two factors, interest of the forum and convenience of the parties, are a wash. Arkansas admittedly has little interest in providing Timberjack and Noble with a forum for their dispute with NHC.

this early stage of the litigation. Thus, the argument for jurisdiction here would argu-

ably be stronger if the Second Circuit test were applied.

This factor weighs in Defendant's favor. When balancing the convenience of the parties, however, the Court finds that the Plaintiffs are likely to benefit from some economies of scale, such as avoiding duplicative discovery and litigation costs, by litigating their claims with Capital in one forum. Defendant, on the other hand, cannot be said to suffer serious prejudice by being forced to litigate in Arkansas, because its presence as a litigant here is already required. The convenience factor weighs in Plaintiff's favor. The secondary factors are neutral here, providing the Court with no basis upon which to deny jurisdiction despite the existence of sufficient minimum contacts.

## CONCLUSION

For the reasons herein stated,

The Court concludes that Defendant New Holland Construction's contacts with the State of Arkansas are of a continuous and systematic nature sufficient to justify the exercise of general personal jurisdiction over it as to the claims of Texas Timberjack and Noble Equipment.

IT IS SO ORDERED.