# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3953

_____

M. Otis Dolphin, Jr.,                  *
                                   *
            Appellant,          *
                                     *   Appeal from the United States
      v.                             *   District Court for the Eastern
                                     *   District of Missouri.
Equibase Company, L.L.C.; Jockey   *
Club; Jockey Guild,           *       **[UNPUBLISHED]**
                                     *
            Appellees.          *

_____

Submitted: May 7, 2003
Filed: May 13, 2003

_____

Before MORRIS SHEPPARD ARNOLD, BYE, and RILEY, Circuit Judges.

_____

PER CURIAM.

      M. Otis Dolphin, Jr. (Dolphin), a Missouri citizen, sued defendants--who are citizens of Kentucky, New York, and Nevada--for allegedly fixing California horse races upon which he had bet in Illinois. Dolphin appeals the district court's[1] order dismissing his diversity action for lack of personal jurisdiction.

_____

[1]The Honorable Thomas C. Mummert, United States Magistrate Judge for the Eastern District of Missouri, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

Upon de novo review, see Clune v. Alimak AB, 233 F.3d 538, 541 (8th Cir. 2000), we conclude the district court lacked personal jurisdiction over defendants. Dolphin presented evidence defendants' advertisements reached Missouri, and their websites could be accessed from Missouri. However, jurisdiction cannot be based solely on the ability to access a website, see GTE New Media Servs., Inc. v. BellSouth Corp., 199 F.3d 1343, 1349-50 (D.C. Cir. 2000), or on defendants' alleged limited advertising in Missouri, see Burlington Indus., Inc. v. Maples Indus., Inc., 97 F.3d 1100, 1103 (8th Cir. 1996), especially considering Dolphin alleged no connection between the websites or the advertising and his claims. Thus, there were insufficient contacts to justify the court's exercise of jurisdiction over defendants. See Porter v. Berall, 293 F.3d 1073, 1076 (8th Cir. 2002) (listing five factors to consider, including relation of cause of action to contacts); Guinness Import Co. v. Mark VII Distribs., Inc., 153 F.3d 607, 614 (8th Cir. 1998) ("defendant's contacts with forum state must not be random, fortuitous, attenuated, or the result of unilateral activity of third person").

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-