# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 07-3185

———————

Mark D. Boyko,                               *
                                            *
        Appellant,              *
                                            *  Appeal from the United States
    v.                               *  District Court for the
                                            *  District of North Dakota.
Elizabeth A. Robinson,                      *
                                            *      [UNPUBLISHED]
        Appellee.               *

———————

Submitted: March 31, 2009
Filed: April 10, 2009

———————

Before WOLLMAN, MURPHY, and MELLOY, Circuit Judges.

———————

PER CURIAM.

In this civil action based upon diversity jurisdiction, Mark Boyko appeals the district court's[1] Federal Rule of Civil Procedure 12(b)(2) dismissal of his complaint for lack of personal jurisdiction over the defendant, Elizabeth Robinson. Boyko has also filed in this court a "motion for a hearing de novo."

Upon de novo review of the dismissal for lack of personal jurisdiction, see Stanton v. St. Jude Med., Inc., 340 F.3d 690, 693 (8th Cir. 2003) (standard of review),

———————————————

[1]The Honorable Daniel Hovland, Chief Judge, United States District Court for the District of North Dakota.

we agree with the district court that the record shows Robinson had no meaningful contacts with North Dakota and could not have had "fair warning" that she could be subject to North Dakota's jurisdiction; therefore, exercising personal jurisdiction would violate due process. See Burlington Indus., Inc. v. Maples Indus., Inc., 97 F.3d 1100, 1102 (8th Cir. 1996) (five factors to be considered in due process determination); Gould v. P.T. Krakatau Steel, 957 F.2d 573, 576 (8th Cir. 1992) (primary issue is whether nonresident defendant had "fair warning" that he or she could be subject to jurisdiction of foreign sovereign).

We further conclude that Boyko's reliance on the "effects test" is unavailing because Robinson's actions were not intentionally or expressly aimed at North Dakota. See Calder v. Jones, 465 U.S. 783, 789-90 (1984) (establishing "effects" test: non-resident defendant must "reasonably anticipate being haled into court" when his "intentional, and allegedly tortious, actions were expressly aimed at" and produced tangible effects in forum state); Dakota Indus., Inc. v. Dakota Sportswear, Inc., 946 F.2d 1384, 1390-91 (8th Cir. 1991) (Calder "effects test" is additional factor to consider, but "[i]n relying on Calder, we do not abandon the five-part test").

We also reject Boyko's other arguments on appeal. First, there is nothing in the record that would lead an average person to question the district court's impartiality. See United States v. Dehghani, 550 F.3d 716, 721 (8th Cir. 2008) (test for impartiality). Second, Boyko's belief the court ruled on the merits of his defamation and emotional-distress claims is mistaken. See Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 584 (1999) (without personal jurisdiction district court is powerless to proceed to adjudication). Last, the court did not abuse its discretion in dismissing Boyko's complaint without a hearing. See Theunissen v. Matthews, 935 F.2d 1454, 1458 (6th Cir. 1991) (acknowledging that district court can decide properly supported Rule 12(b) motion on pleadings).

Accordingly, we affirm. Boyko's pending motion is denied.

_____