# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-2430
_____

Federated Mutual Insurance Company

*Plaintiff - Appellee*

v.

FedNat Holding Company

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of Minnesota
_____

Submitted: March 13, 2019
Filed: June 27, 2019
_____

Before GRUENDER, BENTON, and GRASZ, Circuit Judges.
_____

GRUENDER, Circuit Judge.

FedNat Holding Company ("FedNat") appeals the district court's judgment confirming an arbitration award in favor of Federated Mutual Insurance Company ("Federated Mutual"). We conclude that the district court lacked personal jurisdiction over FedNat, vacate the district court's judgment, and remand with instructions to dismiss.

Federated Mutual is a Minnesota insurance company that owns various trademarks containing the word "Federated." FedNat, a Florida insurance company, was previously known as 21st Century Holding Company. In 2012, it adopted the name Federated National Holding Company. Federated Mutual was concerned that this new name was confusingly similar to its own. In 2013, the two companies entered into a Co-Existence Agreement (the "Agreement") under which Federated National Holding Company promised to take steps to minimize confusion and adopt a new name within seven years. It also agreed to give Federated Mutual a chance to object to its new name.

In 2014, Federated National Holding Company began using the name FedNat. It did not notify Federated Mutual as required by the Agreement, and it continued to use the phrase "Federated National" in conjunction with its new name. Federated Mutual stated that it received "hundreds of misdirected calls and correspondence" from confused customers each year, and it initiated arbitration to enforce the Agreement. The arbitrator allowed FedNat to continue using the name "FedNat" but ruled that it must cease using the term "Federated" within ninety days.

Federated Mutual filed a petition to confirm the arbitrator's award in the U.S. District Court for the District of Minnesota, and the court entered judgment in its favor. *See* 9 U.S.C. § 9. On appeal, FedNat argues that the district court lacked subject-matter and personal jurisdiction and that the arbitrator exceeded his authority.[1]

---

[1]In its brief on appeal, Federated Mutual argued that FedNat's compliance with the arbitrator's award rendered this appeal moot. Federated Mutual filed a motion to supplement the record with supporting documentation, which FedNat opposed. FedNat filed a motion to strike Federated Mutual's addendum and the portions of its brief relying on that material, and FedNat also sought to toll its reply brief deadline pending this court's ruling on its motion. At oral argument, Federated Mutual conceded that the appeal is not moot. Because these motions do not affect the outcome of this appeal, we deny them.

Because FedNat's arguments concerning subject-matter jurisdiction raise complicated questions, we first consider whether the district court had personal jurisdiction. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 588 (1999) (allowing a court to consider personal jurisdiction before subject-matter jurisdiction where "the alleged defect in subject-matter jurisdiction raises a difficult and novel question"). We review personal jurisdiction *de novo*. *K-V Pharm. Co. v. J. Uriach & CIA, S.A.*, 648 F.3d 588, 591 (8th Cir. 2011).

Federated Mutual alleges that FedNat is subject to specific personal jurisdiction in Minnesota. "Specific jurisdiction refers to jurisdiction over causes of action arising from or related to a defendant's actions within the forum state . . . ." *Bell Paper Box, Inc. v. U.S. Kids, Inc.*, 22 F.3d 816, 819 (8th Cir. 1994). A district court may exercise specific jurisdiction over an out-of-state defendant only to the extent permitted by the state's long-arm statute and the Constitution's due process clause. *Coen v. Coen*, 509 F.3d 900, 905 (8th Cir. 2007). Because Minnesota's long-arm statute extends as far as the Constitution allows, we must determine whether the district court's exercise of personal jurisdiction comports with due process. *See id.*

The due process clause requires that "the defendant purposefully established 'minimum contacts' in the forum State." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985) (quoting *Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945)). A defendant's contacts with the forum state must be "such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). "Sufficient minimum contacts requires some act by which the defendant purposely avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Fastpath, Inc. v. Arbela Techs. Corp.*, 760 F.3d 816, 821 (8th Cir. 2014) (internal quotation marks omitted). Under our five-factor test for assessing the sufficiency of a defendant's contacts, we consider "(1) the nature and quality of contacts with the forum state; (2) the quantity

of such contacts; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) convenience of the parties." *Burlington Indus. v. Maples Indus.*, 97 F.3d 1100, 1102 (8th Cir. 1996). The first three factors are the most important. *Id.*

In finding personal jurisdiction over FedNat, the district court cited three features of the parties' Agreement: its Minnesota choice-of-law provision, its benefits to Federated Mutual in Minnesota, and its requirement that FedNat "regularly communicate" with Federated Mutual in Minnesota during a seven-year term. We disagree that these considerations subject FedNat to personal jurisdiction in Minnesota.

First, "choice-of-law provisions specifying that the forum state's laws govern are insufficient on their own to confer personal jurisdiction." *K-V Pharm. Co.*, 648 F.3d at 594. Thus, while relevant to the analysis, the Agreement's Minnesota choice-of-law provision alone does not establish personal jurisdiction.

Second, the fact that the Agreement affected Federated Mutual in Minnesota does not subject FedNat to personal jurisdiction there. Federated Mutual stated that "it receives hundreds of misdirected calls and correspondence each year due to the similarity of the names." But the Supreme Court has explained that the "proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way." *Walden v. Fiore*, 571 U.S. 277, 290 (2014). The relationship between Federated Mutual and Minnesota "must arise out of contacts that the defendant *himself* creates with the forum State," and our "analysis looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Id.* at 284-85 (internal quotation marks omitted). Thus, the fact that the Agreement affected Federated Mutual's business in Minnesota does not support the district court's exercise of personal jurisdiction over FedNat.

-4-

Finally, our five-factor test shows that FedNat did not "enter[] a contractual relationship that 'envisioned continuing and wide-reaching contacts'" in Minnesota. *See id.* at 285 (quoting *Burger King*, 471 U.S. at 479-80). FedNat conducts no business in Minnesota and lacks a physical presence there, *see id.* (pointing out the relevance of physical entry into a state), and it negotiated the Agreement with Federated Mutual by mail and email through its counsel located in Florida, *see Fastpath*, 760 F.3d at 824 ("Although letters and faxes may be used to support the exercise of personal jurisdiction, they do not themselves establish jurisdiction."). The district court nonetheless concluded that the Agreement contemplated regular communications between FedNat and Federated Mutual in Minnesota. But the Agreement simply required that FedNat give Federated Mutual notice and an opportunity to object to its new name. It is silent as to where this exchange of information was to take place, and directing a few emails or letters to Federated Mutual in Minnesota is not enough to establish personal jurisdiction there. *See id.* at 823-24. While the Agreement's choice-of-law provision weighs in favor of personal jurisdiction, the overall nature, quality, and quantity of FedNat's contacts with Minnesota do not reflect the "meaningful" connection required by due process to ensure that "the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *See Walden*, 571 U.S. at 283, 290 (internal quotation marks omitted); *Burlington Indus.*, 97 F.3d at 1102. Moreover, Minnesota's interest in providing a forum for its residents and the convenience to Federated Mutual in bringing its action there "cannot make up for the absence of minimum contacts." *Fastpath*, 760 F.3d at 824.

For these reasons, the district court lacked personal jurisdiction over FedNat. We vacate the district court's judgment and remand with instructions to dismiss.

_____